# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JACOB LEE GROLING,

                Petitioner,

v.

         Case No. 11-CV-389-JPS

JUDY P. SMITH,

                Respondent.

         ORDER

Petitioner Jacob Lee Groling ("Groling"), who is currently serving a state sentence of fifteen years incarceration followed by ten years of supervision, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Docket #1). Groling challenges his conviction on one count of repeated first degree sexual assault of the same child. For the reasons stated below, the court is obliged to deny the petition.

1.      Background

Groling's petition sets forth two principal grounds for relief.[1] As the first ground, Groling claims ineffective assistance of trial counsel. With respect to this ground, Groling states two specific claims. First, he asserts ineffective assistance of counsel based on trial counsel's failure "to impeach key witnesses at trial" and failure "to object to the admission of hearsay testimony and other improper, prejudicial evidence." (Docket #1 at 6). Second, he asserts that his trial counsel was ineffective for his "failure to object to voir dire of the alleged victim in the presence of the jury, which had the effect of the state and the court vouching for the credibility and

---

[1] The court rejected a third ground for relief in its Rule 4 Screening Order. (*See* Docket #6).

truthfulness of the alleged victim." (Docket #1 at 8).[2] As the second ground for relief, Groling asserts that he is entitled to a new trial "in the interests of justice" because "the real controversy was neither fully nor fairly tried." (Docket #1 at 7). The court will consider each of Groling's claims in turn.

2.      Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, governs the grant of a writ of habeas corpus. Under § 2254(d), if a constitutional claim was adjudicated on the merits by the state courts, a federal court may only grant habeas relief based on that claim if the state court's decision is "contrary to" or "an unreasonable application of" clearly established federal law as determined by the U.S. Supreme Court, or if the state court's determination of the facts was unreasonable in light of the evidence presented.

3.      Discussion

3.1      Ineffective Assistance of Counsel

Here, the state argues that Groling's ineffective assistance of counsel claims should all be dismissed as they are procedurally defaulted. The court agrees. Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal

_____

[2]It would appear that Groling's claim is not actually concerning voir dire questions, but rather questions asked by the prosecutor to the child victim in the presence of the jury – targeted at whether the child victim understood the difference between telling the truth and telling a lie.

habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Picard*, 404 U.S. at 276.

Fair presentment requires the petitioner to assert his federal claim through one complete round of state court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel,* 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Id.* To be fairly presented, a claim must be developed enough in state court to "provide the state courts with a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the] constitutional claim." *Id.*

Groling procedurally defaulted both of his ineffective assistance of counsel claims because he did not fairly present them to the Wisconsin Supreme Court on direct appeal.[3] Groling did present the first claim in the circuit court and the Wisconsin Court of Appeals. The appellate court rejected the claims on the merits. However, in Groling's petition to the Wisconsin Supreme Court for review of the court of appeals's decision, he only raised one issue – namely, that the court of appeals applied the wrong standard when it declined to order a new trial in the interests of justice. This "wrong standard" was that the appellate court improperly rejected Groling's

---

[3]Indeed, as to Groling's second ineffective assistance of counsel claim, he admits that he *never* raised this claim in state court whatsoever. (Docket #1 at 8). Because a petitioner must have fairly presented the operative facts for each ineffective assistance claim to the state courts, Groling's second claim of ineffective assistance would fail for this reason alone. *See Stevens v. McBride,* 489 F.3d 883, 893 (7th Cir. 2007) (citing *Peoples v. United States*, 403 F.3d 844, 848 (7th Cir. 2005) (stating that "the failure to alert the state court to a complaint about one aspect of counsel's assistance will lead to a procedural default.")).

interests of justice claim on the ground that it had ultimately rejected all of Groling's arguments relating to ineffective assistance of counsel. Groling complained in the petition to the Wisconsin Supreme Court that the court of appeals "conflated the test for ineffective assistance of counsel with the standard for discretionary reversal." (*See* Docket #10; Ex. 6 at 8). Unfortunately for Groling, he did not challenge the court of appeals's decision rejecting his ineffective assistance claims or ask that the Wisconsin Supreme Court review that decision. Accordingly, the court finds that he did not fairly present any of his ineffective assistance of counsel claims at each and every level in the state court system. In turn, the court finds that he has procedurally defaulted these claims.

Before dismissing these claims, however, the court must ask whether Groling has established a basis for excusing his procedural default. A procedural default can be excused if a petitioner can establish cause and prejudice for the default, or establish that the failure to consider the defaulted claim will result in a fundamental miscarriage of justice. *Promotor v. Pollard*, 628 F.3d 878, 885 (7th Cir. 2010).

Cause for a default is ordinarily established by showing that some type of "external impediment" prevented the petitioner from presenting his claim. *Lewis v. Sternes,* 390 F.3d 1019, 1026 (7th Cir. 2004). Prejudice is established by showing that the violation of the petitioner's federal rights "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* Ineffective assistance of counsel can constitute cause to set aside a procedural bar. *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). However, a claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can

establish cause and prejudice for the ineffectiveness claim as well. *See Edwards v. Carpenter*, 529 U.S. 446, 452–54 (2000).

Here, it would appear that Groling cites ineffective assistance of appellate counsel as cause for his procedural default. However, Groling did not present an ineffective assistance of appellate counsel claim in state court, so he cannot rely on this claim now to establish cause for his default of his federal habeas ineffective assistance of trial counsel claims. Though it is a bit of a "tangled web," because Groling defaulted his ineffective assistance of appellate counsel claim in state court, he was required to show cause and prejudice for this default before the ineffective assistance of appellate counsel claim can constitute cause for his default of his federal habeas petition claims. *See Gaetz,* 565 F.3d at 352. Even if Groling was somehow able to show cause for his default, the court is not convinced that Groling was prejudiced by any of the procedural defaults. Accordingly, as Groling has not established an excusable basis for his procedural default of his ineffective assistance of trial counsel claims, the court is obliged to dismiss these claims.

### 3.2    Interests of Justice Claim

Groling's second ground for relief – his interests of justice claim – also fails to provide a basis for federal habeas relief because it rests on state law. In his federal habeas petition, Groling purports to be raising the same interests of justice claim he raised in state court. (Docket #1 at 7-8). However, the only interests of justice claim Groling presented in state court was a state law claim based on Wisconsin's discretionary reversal statutes and Wisconsin cases interpreting those statutes. Indeed, Groling made his focus on state law clear in his petition for review to the Wisconsin Supreme Court, urging the court to "Accept Review to Develop and Clarify Wisconsin Law Concerning

a Reviewing Court's Authority to Order a New Trial in the Interests of Justice, and to Reinforce the Independence of a Claim for Discretionary Reversal." (Docket #10, Ex. 6 at 2, 9). He further argued that the issue was worthy of review because it would provide the Wisconsin Supreme Court with "the opportunity to develop and clarify the standard and scope of independent review authorized by the discretionary reversal statute." (Docket #10, Ex. 6 at 4). Founded entirely on state law, this interests of justice claim does not provide any basis for establishing that Groling is in custody "in violation of the laws, treaties, or Constitution of the United States," as is required for federal habeas relief to be granted under § 2254.

It is only in his brief to this court that Groling attempts to recast the claim as one arising under the United States Constitution. However, unfortunately for Groling, this recasting comes too late. Groling has procedurally defaulted this claim for failing to present it to the state courts. And, even if Groling's interests of justice claim may have some factual underpinnings of a federal due process claim, this is not enough to meet the fair presentment requirement. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) ("[i]t is not enough that all the facts necessary to support the federal claim were before the state courts…or that a somewhat similar state-law claim was made."). As Groling has neglected to establish a basis for excusing this procedural default, the court is constrained to dismiss the interests of justice claim along with Groling's ineffective assistance of counsel claims.

4.      Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability

under 28 U.S.C. § 2253(c)(2), the applicant must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue, additional argument is not necessary here. Given the record before the court, no reasonable jurist would find it debatable whether this court was correct in its ruling on the present matter. As a consequence, the court must deny a certificate of appealability as to the petitioner's petition.

Accordingly,

IT IS ORDERED that the petitioner's "Petition for Writ of Habeas Corpus" (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petitioner's petition be and the same is hereby DENIED; and

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 17th day of May, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge